**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| BRUCE ELLIS GROVE, | |
| Plaintiff, | |
| v. | CASE NO. 1:26-CV-108-HAB-ALT |
| NEWREZ LLC, et al., | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the court on Plaintiff Bruce Ellis Grove's ("Grove") Motion to Withdraw the Reference (ECF No. 1), filed with the Bankruptcy Court on February 5, 2026 and docketed with this Court on March 3, 2026.[1] Bankruptcy Judge Robert E. Grant issued his Recommendation Concerning Motion to Withdraw the Reference on March 3, 2026 (ECF No. 1 at 11-16), and Grove filed his Objections to the Recommendation on March 6, 2026 (ECF No. 3). Grove filed three "Supplements" to his Objections on March 9, 2026 (ECF Nos. 4-6).[2] Having reviewed the Motion, Recommendation, Objections, and Supplements, the Court adopts the Recommendation and denies the motion (ECF No. 1).

---

[1] Grove also filed a Motion to Stay Proceedings in the Bankruptcy Court Pending District Court Review of Objections (ECF No. 2). Because the Court has reviewed the Objections and decided the Motion to Withdraw Reference, the Motion to Stay is denied as moot.

[2] Grove filed what appears to be an additional objection, entitled "Notice of Defendants' Arguments Confirming Mandatory Withdrawal of Reference," on March 23, 2026 (ECF No. 7). Because this additional objection was filed more than fourteen days after the Bankruptcy Judge issued his Recommendation, it is untimely and the Court will not consider it. *See* N.D.IN. L.R. 200-1(a)(3)(B) & (b)(1)(C).

## I.    BACKGROUND

### A.  Procedural History

The Bankruptcy Judge's Recommendation lays out the full background of the case. *See* ECF No. 1 at 11-12. The Court summarizes it here. Grove is a debtor under Chapter 13 of the United States Bankruptcy Code with a confirmed plan. Defendant NewRez LLC, d/b/a Shellpoint ("NewRez") is a creditor that filed a secured claim based on a note and mortgage. Grove filed an adversary proceeding, contending that the note and mortgage are fraudulent and thereby objecting to NewRez's claim as well as seeking various forms of affirmative relief from both NewRez and other defendants (Caliber Homes and Metropolitan Title).

The Bankruptcy Court granted a motion to dismiss Grove's original complaint in the adversary proceeding, giving him leave to replead, which he did. Grove's second amended complaint contains 13 counts and seeks damages under various theories, quieting title to real estate, as well as declaratory relief concerning the validity of a state court judgment NewRez obtained prior to the petition. Both Complaints contained demands for a jury trial.

At a scheduling conference on February 3, 2026, the Bankruptcy Court informed Grove that it was not authorized to conduct a jury trial, and that the district court's local rules required a party demanding a jury trial to file a motion to withdraw the reference. Grove subsequently filed this Motion, seeking withdrawal of reference pursuant to 28 U.S.C. § 157(d) for the purpose of conducting a jury trial on his non-core claims[3]. He argues that he is entitled to a jury trial on these

---

[3] Proceedings before a bankruptcy court are categorized as "core" or "non-core". Congress identified a nonexclusive list of 16 types of proceedings as "core" proceedings, over which a bankruptcy court had the power to "hear and determine" and "enter appropriate orders and judgments" subject to appellate review by the district court. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 670-71 (2015) (citing § 157(b)(2)). Bankruptcy courts have more limited authority in "non-core proceedings"—proceedings that fall outside the category of core proceedings. *Id.* at 671. "Absent consent, bankruptcy courts in non-core proceedings may only 'submit proposed findings of fact and conclusions of law,' which the district courts review de novo." *Id.* (quoting § 157(c)(1)).

claims and, because the bankruptcy court is not authorized to conduct jury trials, the reference must be withdrawn. No other party filed a response to the motion. The Bankruptcy Judge prepared a Recommendation pursuant to Northern District of Indiana Local Rule 200-1(b)(1)(C), which he filed on March 3, 2026.

## II.    DISCUSSION

### A.    Applicable Law

Although bankruptcy jurisdiction is vested in the district court, 28 U.S.C. 1334(a) & (b), this district has exercised its authority to refer that jurisdiction to the bankruptcy judges. 28 U.S.C. § 157; N.D. Ind. L.R. 200-1. A district judge "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown" for the removal. § 157(d). The moving party bears the burden of persuading the court that the reference should be withdrawn. *Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 953 (7th Cir. 1996).

A bankruptcy judge may only preside over a jury trial if it has been "specially designated" to do so by the district court and has "the express consent of all of the parties." 28 U.S.C. § 157(e). The bankruptcy judges in this district have not been given that authority, see, N.D. Ind. L.R. 200-1(c)(1), and the debtor/plaintiff has refused to consent to a jury trial in the bankruptcy court. Given the lack of authority and the lack of consent, the only place a jury trial can occur is in the district court. *Consol. Indus. Corp. v. Welbilt Holding Co.*, 254 B.R. 237, 238 (N.D. Ind. 2000).

### B.    Recommendation

The Bankruptcy Judge recommends the Court deny the Motion for Withdrawal on the grounds that Grove has forfeited his right to a jury trial on the adversary proceeding by voluntarily submitting to the jurisdiction of the Bankruptcy Court. (ECF No. 1 at 11-16). Bankruptcy

proceedings are "inherently proceedings in equity," with no right to a jury trial attached. *Katchen v. Landy*, 382 U.S. 323, 336-37 (1966). The Bankruptcy Judge emphasizes that Grove voluntarily submitted to the jurisdiction of the Bankruptcy Court twice—first by filing his initial Chapter 13 proceedings there, and second, by filing his claims for affirmative relief in the same forum—claims that could have been filed in either federal district court or in state court. (ECF No. 1 at 15-16). By choosing to file in the Bankruptcy Court, the Bankruptcy Judge explains, Grove accepted the limitation of the forum and waived his right to have his claims heard by a jury. *Id.* at 14-16.

## C.  Objections

Within fourteen days of service of a Recommendation issued by a bankruptcy judge, any party to the proceedings may file objections. N.D.IN. L.R. 200-1(a)(3)(B) & (b)(1)(C). The District Court will review *de novo* any matters to which a party has timely and specifically objected. *Id.* Grove submits numerous objections, both in his initial Objections filing as well as in three other Supplements filed three days later. The Court will consider each in turn.

### 1.  Objection 1: The Finding of Waiver is a Clear Factual Error Contradicted by the Record

Grove's first objection is that the Bankruptcy Judge's "finding of waiver is a clear factual error." (ECF No. 3 at 2). He argues that he demonstrably has not waived his right to a jury trial, as he included jury demands in both his initial and Amended Complaints. (*Id.* at 2-3).

The Bankruptcy Judge notes in his Recommendation that Grove included jury demands in both of his Complaints. *See* ECF No. 1 at 12. Grove, therefore, is not objecting to the Bankruptcy Judge's factual finding but is rather objecting to the Bankruptcy Judge's conclusion that the jury demands Grove included in his Complaints were insufficient to preserve his right to a jury trial.

The Court agrees with the Bankruptcy Judge and finds that Grove's inclusion of jury demands in his Complaints does not entitle him to a jury trial. While a party must timely demand

4

a jury trial in order to preserve the right, the demand simply preserves that right—it does not create it. Other opinions in this Circuit have found parties to bankruptcy proceedings to have waived their rights to a jury trial despite making timely jury demands. *See, e.g., Matter of Peachtree Lane Assocs., Ltd.*, 150 F.3d 788, 797-99 (7th Cir. 1998) (affirming a district court's finding of no right to a jury trial and denial of a motion for withdrawal of reference where a party submitted to a bankruptcy court's jurisdiction by filing a claim against the bankruptcy estate); *In re Leigh*, 165 B.R. 203, 224-25 (Bankr. N.D. Ill. 1993) (finding no right to a jury trial in a dischargeability adversary proceeding notwithstanding a party's timely jury demand).

The Court overrules this objection.

### 2.     Objection 2: The Bankruptcy Court's In-Court Statements Were Legally Insufficient to Create a Waiver

Grove's second objection is that the Bankruptcy Court's statement at the scheduling conference that the court does not hold jury trials was insufficient to lead to Grove's waiving his right to a jury trial. (ECF No. 3 at 3). He argues that a "litigant's fundamental Seventh Amendment right cannot be extinguished by a court's vague, off-the-record comment, especially when that litigant has already satisfied the requirements of Rule 38." (*Id.*) But the Bankruptcy Judge does not find in his Recommendation that his statement at the scheduling conference regarding the Bankruptcy Court's inability to conduct a jury trial "extinguished" Grove's right to a jury trial. Grove's waiver of his right to a jury trial is based on his voluntarily filing claims in the Bankruptcy Court and is not based on any statements the Bankruptcy Court made. The objection is not directed at a conclusion made by the Bankruptcy Judge and is overruled.

### 3. Objection 3: The Bankruptcy Court Lacks Constitutional Authority to Adjudicate Plaintiff's Non-Core Claims

Grove's third objection is that the Bankruptcy Court lacks the constitutional authority to enter a final, binding judgment on common law claims, such as fraud. (ECF No. 3 at 3-4). Grove's Amended Complaint has many such claims, and Grove argues that the Bankruptcy Court's inability to render final judgment on them means that the federal district court must be permitted to hear them. *Id.*

Grove is correct that bankruptcy courts lack constitutional authority to enter a final, binding judgment on non-core claims—and in some cases, certain core claims as well—where the parties have not consented. *See Wellness Int'l. Network*, 575 U.S. at 670-71. However, a bankruptcy court's lack of constitutional authority over certain claims does not mean a district court must withdraw the reference. A bankruptcy court may still hear such claims, but instead of entering a final judgment, will submit proposed findings of facts and conclusions of law which a district court will then review de novo. 28 U.S.C. § 157(c)(1).

The Court overrules this objection.

### 4. Objection 4: Plaintiff Has a Statutory and Constitutional Right to a Jury Trial

Grove's fourth objection is that he has a statutory and constitutional right to a jury trial, which the Bankruptcy Court "cannot override." (ECF No. 3 at 4).

The constitutional right to a jury trial is a right that may be waived. The Bankruptcy Judge, in making his Recommendation, cites numerous opinions in which courts—including the Supreme Court—have found a litigant who voluntarily participates in the bankruptcy process or voluntarily submits his or herself to the bankruptcy court's jurisdiction has no right to a jury trial:

> A creditor that files a claim against the estate has no right to a jury trial if it is subsequently sued by the trustee. *Langencamp v. Culp*, 111 S. Ct. 330, 331 (1990)

(by filing claims against the bankruptcy estate respondents brought themselves within the equitable jurisdiction of the bankruptcy estate and were not entitled to a jury trial); *Katchen v. Landy*, 86 S.Ct.467, 476 (1966). Similarly, a Chapter 11 debtor does not have a right to a jury trial where it files a counterclaim against such a creditor. *In re Manning*, 71 B.R. 981, 985-86 (D. N.D. Ala. 1987*); In re Auto Imports*, 162 B.R. 70 (Bankr. D. N.H. 1993) (debtor's adversary proceeding was essentially a counter-claim to the defendant's proof of claim). *See also, Billing v. Ravin, Grrenberg & Zakin, P.A.*, 22 F.3d 1242 1253 (3rd. Cir. 1994) (Chapter 11 debtor had no right to jury trial on malpractice claim asserted as a defense to attorney's fees); *In re Americana Expressway, Inc.*, 101 B.R. 707 (D. Utah 1993) (creditor who submits a claim submits itself to the court's equitable jurisdiction on both the merits of the claim and any assertions of right by the trustee or the debtor). A debtor who files a voluntary petition for relief under chapter 7 has no right to a jury trial in a subsequent dischargeability proceeding brought by a creditor. *Matter of Hallahan*, 936 F.2d 1496, 1505 (7th Cir. 1991) ("Hallahan cannot claim a right to a jury trial because as a Chapter 7 debtor he voluntarily submitted his case to the bankruptcy court."); *In re McLaren*, 3 F.3d 958, 960-61 (6th Cir. 1991). By voluntarily filing an adversary proceeding in bankruptcy court a plaintiff waives a right to a jury trial. *In re Haile Co.*, 132 B.R. 979, 980-81 (Bankr. N.D. Ga. 1991). *See also, In re D.H. Overmyer Telecasting Co., Inc.*, 53 B.R. 963, 980 (D. E.D. Ohio 1984) (no right to jury trial where litigant filed both claim and an adversary proceeding). *See also, In re Frost, Inc.*, 145 B.R. 878 (Bankr. W.D. Mich.1992) (debtor's adversary proceeding against creditor implicated claims allowance process and it had no right to a jury trial). Similarly, a defendant that files a counterclaim in an adversary proceeding submits to the court's equitable jurisdiction and has no right to a jury trial. *Bayless v. Crabtree*, 108 B.R. 299, 304-5 (D. W.D. Ok. 1989); *Peachtree Lane Associates, Ltd. V Granade*r, 175 B.R. 232, 234-238 (D. N.D. Ill. 1994). And litigants that voluntarily intervene in an adversary proceeding consent to the bankruptcy court's equitable jurisdiction. *D.H. Overmyer*, 53 B.R. at 980.

(ECF No. 1 at 14-15).

The Court overrules this objection.

### 5.    First Supplement to Objections

In his first Supplement to his Objections, Grove first objects to the Recommendation's "flawed premise" that "all claims brought within" the proceedings of a bankruptcy court are "stripped of their constitutional right to a jury trial," labeling it "a gross and legally erroneous over-generalization." (ECF No. 4 at 2). He argues that the Recommendation errs in conflating his non-core claims, which are legal in nature, with his core claims, which are equitable.

7

The Bankruptcy Judge does not conflate Grove's core and non-core claims. He concludes that Grove's claims are not subject to withdrawal not because of their status as core or non-core but rather because Grove filed them in the Bankruptcy Court, thereby voluntarily submitting himself to the jurisdiction of the Bankruptcy Court and waiving his right to a jury trial. *See* ECF No. 1 at 15-16. And as the Court noted above in response to Grove's fourth objection, the Bankruptcy Judge cites many cases in support of his conclusion. *See* ECF No. 1 at 14-15 (collecting cases). The Court is persuaded by these citations; Grove has offered no case law or persuasive argument to refute the Bankruptcy Judge's conclusion.

Grove next argues that the Bankruptcy Judge ignored the fact that he was compelled to file his adversary proceeding in the Bankruptcy Court. (ECF No. 4 at 2-3). He states that, "[u]nder Federal Rule of Bankruptcy Procedure 7001, proceedings to determine the validity of a lien and to object to a creditor's claim *must* be brought as an adversary proceeding within the bankruptcy case." (*Id.* at 3). But as the Bankruptcy Judge explains, Rule 7001 contains no such requirement—Groves could have filed his claims for affirmative relief directly in the district court, relying on the district court's bankruptcy jurisdiction, *see* 11 U.S.C. 1334(b), or, where his state law claims are concerned, in state court. *See* ECF No. 1 at 15. Indeed, the Recommendation cites multiple cases in which courts found no right to a jury trial on the grounds that the party seeking a jury trial had brought an adversary proceeding in a Bankruptcy Court where it could have been brought in federal or state court. (ECF No. 1 at 14) (citing *In re Haile Co.*, 132 B.R. 979, 980 (Bankr. S.D. Ga. 1991), *In re D.H. Overmyer Telecasting Co., Inc.*, 53 B.R. 963, 980 (E.D. Ohio 1984); *In re Frost, Inc.*, 145 B.R. 878 (Bankr. W.D. Mich. 1992)).

Next, Grove argues that the Recommendation is "in direct conflict with the Supreme Court's holding in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989)." (ECF No. 4 at 3). This

objection is based on a misreading of the *Granfinanciera*'s holding. Groves reads the case as dictating that a right to a jury trial exists for any party to action that constitutes a "suit at common law," even if brought in bankruptcy court. (ECF No. 4 at 3-4). But as the Bankruptcy Judge explains in his Recommendation, there is a crucial difference between the situation before the Supreme Court in *Granfinanciera* and the situation before this Court now. In *Granfinanciera,* the Supreme Court held that a defendant in a fraudulent conveyance action has a right to a jury trial where that defendant has not filed a proof of claim in the bankruptcy case; if that defendant has filed a proof of claim, he or she has effectively submitted itself to the equitable jurisdiction of the bankruptcy court, thereby losing his or her right to a jury trial. 491 U.S. at 40-65. In other words, a party who is not voluntarily before the bankruptcy court does not lose his or her right to trial; a party who is voluntarily before the bankruptcy court does. The Supreme Courts holding in *Granfinanciera*, therefore, is consistent with the Recommendation's finding that Grove has lost his right to a jury trial. Because he filed both his Chapter 13 petition and his subsequent affirmative claims before the Bankruptcy Court, Grove's right to a jury trial would not be preserved under *Granfinanciera.*

Finally, Grove argues that the reasoning in the Recommendation "creates a Catch-22 that would render the withdrawal of reference statute, 28 U.S.C. § 157(d), a nullity." (ECF No. 4 at 4). The statute permits a party to move to withdraw the reference "at any time," Grove argues, and therefore a debtor must be permitted to withdraw non-core legal claims for a jury trial in District Court. (*Id.*). But in citing § 157, Grove ignores that the provision directs withdrawal only "for cause shown." The provision does not provide an unqualified right to withdrawal at any time.

Further, the Supreme Court has held that a party loses its right to a jury trial when that party voluntarily submits to the equitable jurisdiction of the Bankruptcy Court. *See Langenkamp v. Culp*,

9

498 U.S. 42, 44-45 (1990). Therefore, the Supreme Court interprets this rule not to nullify the withdrawal of reference statute. This Court is bound by the Supreme Court's interpretation.

The Objections contained within Grove's first supplement are overruled.

### 6.    Second Supplement to Objections

In his second supplement to his Objections, Grove argues that the Recommendation's "'voluntary submission' analysis rests on the flawed premise" that he had a meaningful choice of fora. (ECF No. 5 at 2-4). He contends that the evidence of fraud that forms the basis of his adversary proceeding was discovered during the bankruptcy proceedings, and that he was then "compelled to file this action in the only forum where the evidence came to light." (*Id.* at 2).

This objection appears to stem from the same misunderstanding regarding the bankruptcy rules that was evident in Grove's first Supplement. Grove was not required to file his affirmative claims in Bankruptcy Court. At the time he decided to file his affirmative claims, he could have filed them in federal or state court—even though the bankruptcy was already underway.

He argues that this distinguishes his situation from those of *Langenkamp* and *In re Manning*, 71 B.R. 981, 985-86 (Bankr. N.D. Ala. 1987), two (of many) cases cited by the Bankruptcy Judge in his Recommendation. He argues: "Those cases involve parties who either filed a proof of claim (Creditors) or who brought claims based on pre-existing knowledge. They do not address the unique situation where a debtor is compelled to file an adversary proceeding based on evidence of fraud that is discovered for the first time during the bankruptcy proceeding itself." (ECF no. 5 at 3). But as the Court has explained, Grove was not required to file his affirmative claims as an adversary proceeding in the Bankruptcy Court. And Grove provides no explanation as to why the timing of the discovery of the basis for his claims would make any difference to the Court's analysis.

This objection is overruled.

### 7.    Third Supplement to Objections

In his third supplement to his Objections, Grove argues that the Recommendation is flawed in ignoring "a pattern of dispositive judicial admissions made by Defendant Metropolitan Title of Indiana, LLC, ("Metro") which, when taken together, constitute an undeniable confession to a coordinated scheme of document fraud." (ECF No. 6 at 2). He argues that the Recommendation's "silence" on these admissions demonstrates that the Bankruptcy Court is not fairly adjudicating the case and that withdrawal is therefore necessary. (*Id.*).

These allegations of fraud on the part of Metro and unfairness on the part of the Bankruptcy Judge were not included in Grove's motion for withdrawal of reference, and therefore were not before the Bankruptcy Judge to consider when he wrote his Recommendation. This objection is irrelevant to both the Recommendation and the underlying motion and therefore is not properly before the Court.

## III.    CONCLUSION

For the above reasons, the Court overrules Grove's objections and denies his Motion for Withdrawal (ECF No. 1). The Motion to Stay (ECF No. 2) is denied as moot.

**SO ORDERED** on March 25, 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

11